IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JOHNATHAN GOODWIN, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ORDER <br><br> Case No. 1:11-CV-178 DAK |

Plaintiff Johnathan Goodwin has filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2009). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening under 28 U.S.C. § 1915(e).

**I. Legal Standards**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). And, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248.

## II. Plaintiff's Allegations

It is entirely unclear to the court what Plaintiff alleges. He claims that "plenty of unlawful act's have been action [sic]" and in describing what led to the problem, he states that "violation break of the law, in action form, and manipulation. Violated many right's in people right's booklet." He does not name any specific defendant, except for the "Internal Revenue

Service Personal's."  He does not state the constitutional right that was allegedly violated or even the circumstances that he believes violated a constitutional right.   Moreover, the court is unable to make sense of the typed email that was apparently sent from Mr. Goodwin to an email account in the Clerk's Office at the court.  Without understanding what conduct took place that allegedly deprived Plaintiff of a constitutional right, there is nothing the court can do.  The court, however, will permit Plaintiff to amend his Complaint to state a claim for relief.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice, and Plaintiff is granted sixty (60) days from the date of this Order to file an Amended Complaint.

DATED this 12th day of January, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge